## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA F. ARNETT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-19-46-SPS** |
| | ) | |
| COMMISSIONER of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

The claimant Linda F. Arnett requests judicial review of a denial of benefits by the

Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  She

appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ")

erred in determining she was not disabled.  For the reasons set forth below, the

Commissioner's decision is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment[.]"  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security

Act "only if h[er] physical or mental impairment or impairments are of such severity that

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age,

education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]"  *Id*. § 423 (d)(2)(A).  Social security regulations

implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-six years old at the time of the administrative hearing (Tr. 33, 184). She completed the eleventh grade, and has worked as a waitress, advertising clerk, hand packer, hostess and desk clerk, maid, customer service clerk, and cashier (Tr. 50-51, 213). The claimant alleges that she has been unable to work since December 11, 2013, due to injuries to both knees and high blood pressure, as well as headaches, left jaw pain, and a knot on her head from a December 2013 fall (Tr. 212).

## Procedural History

On December 1, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-8. Her applications were denied. ALJ Luke Liter held an administrative hearing and determined the claimant was not disabled in a written opinion dated September 9, 2016 (Tr. 17-26). The Appeals Council denied review, so the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the RFC to lift/carry/push/pull twenty pounds occasionally and ten pounds frequently, sit for six hours in an eight-hour workday, and stand/walk a combined total of three hours out of an eight-hour workday, but that she could only occasionally climb

ramps/stairs, balance, kneel, crouch and crawl, and she could never climb ladders/ropes/scaffolds. Additionally, he limited her to simple and some complex tasks, and found she could relate to supervisors, coworkers, and members of the public on a work basis (Tr. 21). The ALJ then concluded that the claimant was not disabled because she could return to her past relevant work as an advertising clerk, a semi-skilled job with sedentary exertion (Tr. 26).

## Review

The claimant contends that the ALJ erred by: (i) failing to account for all her impairments and (ii) improperly determining she could return to her past relevant work as an advertising clerk. As part of the first contention, the claimant argues that the ALJ erred by relying on the opinion of a consultative examiner who was not privy to all the evidence in the record, and further failing to provide for her use of a cane and need for a sit/stand option. The Court finds these contentions unpersuasive for the following reasons.

The ALJ determined that the claimant had the severe impairments of chondromalacia of the right knee with a loose body, femoral and tibial condylar and posterior superior patellar spurs, depression, and anxiety (Tr. 20). The specific medical evidence as to her physical impairments reflects that the claimant fell in December 2013 which resulted in mild swelling and pain with flexion, but it was noted to be resolving less than a week later (Tr. 317-318). The claimant then got a contusion on her left knee in February 2014 and was told to immobilize the knee over the weekend (Tr. 316). The claimant again reported and was treated for right knee pain in July 2014. The claimant refused a prescription pain medication and was directed follow up with ortho (Tr. 302).

On October 2, 2014, the claimant established care with a new provider, reporting, *inter alia*, knee pain that was worse with walking long distances and that she did not use a cane, and she had pain with bilateral knee flexion/extension (Tr. 330-331).  The claimant was instructed to use a cane and a neoprene sleeve for her right knee (Tr. 331).  She again reported pain in her knees bilaterally on February 12, 2015, and medications were prescribed but there was no mention of a cane or brace at this visit (Tr. 339-340).  On April 20, 2015, the claimant complained of a knot, tenderness, and warmth in the left knee, as well as pain in the right knee (Tr. 342).  She was assessed with knee pain and referred for an MRI (Tr. 343).  The claimant was given a corticosteroid injection in the right knee, and Dr. Charles Joice noted that the claimant "definitely needs" surgery but could not afford it (Tr. 352-353).  She underwent another injection of the right knee on January 18, 2016 (Tr. 377).

The MRI of the right knee revealed severe chrondromalacia patella, a 2 cm cartilaginous loose body on the anterior aspect of the intercondylar notch, moderate-sized effusion, and moderate nonspecific subcortical marrow edema along the far medial margins of the medial femoral condyla that needed to be followed to ensure it remained stable over time (Tr. 355).  An x-ray of the claimant's left knee revealed femoral and tibial condylar and posterior superior patellar spurs (Tr. 364).

On July 28, 2015, Dr. Azhar Shakeel conducted a physical examination of the claimant (Tr. 373). On exam, Dr. Shakeel found the claimant's knees had normal range of motion, but pain with passive range of motion (Tr. 374).  He further found that her gait was safe and stable with appropriate speed and that a walking aid was not required, but that she

5

was unable to stand on tippy toes or perform heel walking secondary to pain (Tr. 375).  Dr.

Shakeel stated that the claimant had bilateral knee problems and osteoarthritis, and that she

needed to see a specialist, but that she was able to "do a desk job, which allows her to

work" (Tr. 375).

On March 26, 2015, state reviewing physician Dr. David McCarty found that the

claimant could perform the full range of light work with no additional limitations (Tr. 68-

69).  On reconsideration, Dr. Luther Woodcock found on August 19, 2015 that the claimant

could perform light work, but that she could only occasionally climb ramps/stairs, kneel,

and crawl, and she could never climb ladders/ropes/scaffolds, due to osteoarthritis in the

claimant's right knee (Tr. 101-102).

The claimant contends that the ALJ erred in his RFC assessment because the

evidence would suggest a more restrictive RFC and the ALJ failed to account for

limitations related to her physical impairments.  The undersigned Magistrate Judge finds

that the ALJ did not, however, commit any error in his analysis.  As discussed below, the

ALJ noted and fully discussed the findings of the claimant's various treating, consultative,

and reviewing physicians, and his opinion clearly indicates that he adequately considered

the evidence in reaching his conclusions regarding the claimant's RFC.  *See Hill v. Astrue*,

289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of

the medical record and the testimony in support of his RFC finding.  We do not require an

ALJ to point to 'specific, affirmative, medical evidence on the record as to each

requirement of an exertional work level before [he] can determine RFC within that

category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

In his written opinion, the ALJ thoroughly summarized the claimant's testimony and much of the medical evidence (Tr. 22-26). As to her physical impairments, the ALJ summarized all of the treatment records, but found that the records were not consistent with the claimant's allegations of disability. He noted Dr. Shakeel's consultative examination findings of pain with passive range of motion but normal range of motion, as well as a safe and stable gait (Tr. 24). The ALJ further noted that the claimant had not had surgery and that she sought no medical treatment between November 2014 and February 2015 (Tr. 24), although the record indicates that the claimant's lack of surgery is due to the inability to afford it. The ALJ noted that Dr. Shakeel's examination supports a finding that the claimant could stand/walk a combined total of three hours in an eight-hour workday (Tr. 24). The ALJ assigned little weight to the two state reviewing physicians as to the claimant's physical impairments, finding that greater weight should be given to Dr. Shakeel's examining opinion that concluded the claimant could perform a desk job (Tr. 25). He thus concluded that the claimant could return to her past relevant work as an advertising clerk (Tr. 26).

The claimant first contends that the ALJ erred in evaluating Dr. Shakeel's opinion, asserting that Dr. Shakeel was not given the claimant's previous medical records to review and that evidence favorable to her was withheld from him so that he did not have the benefit of her left knee x-ray and was unaware of Dr. Joice's recommendation that the claimant have surgery. She argues that if he had been aware the claimant had previously been told to use a cane his opinion "very likely" would have been different. She asserts that Dr. Shakeel examined her "on a fairly good day" and that had he been privy to more

7

information his RFC would have been more restrictive.  The claimant asserts that this case

was a close call and relying on Dr. Shakeel's opinion was "patently unfair."  *See* Docket

No. 13, pp. 5-6.

"An ALJ must evaluate every medical opinion in the record, although the weight

given each opinion will vary according to the relationship between the disability claimant

and the medical professional. . . . An ALJ must also consider a series of specific factors

[outlined in 20 C.F.R. § 404.1527(c)(1)-(6)] in determining what weight to give any

medical opinion."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), *citing*

*Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290

(10th Cir. 1995).  The pertinent factors include the following: (i) the length of the treatment

relationship and the frequency of examination; (ii) the nature and extent of the treatment

relationship, including the treatment provided and the kind of examination or testing

performed; (iii) the degree to which the physician's opinion is supported by relevant

evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or

not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other

factors brought to the ALJ's attention which tend to support or contradict the opinion.  *See*

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003), *citing Drapeau v.*

*Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001), *citing* 20 C.F.R. §§ 404.1527, 416.927.

An ALJ's conclusions "must be sufficiently specific to make clear to any subsequent

reviewers the weight the adjudicator gave to the treating source's medical opinion and the

reasons for that weight."  *Id.* at 1300, *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188 at

*5 (July 2, 1996).  Contrary to the claimant's assertion, there is no requirement that a

consultative examiner be provided with (or required to review) a claimant's entire medical file.   It is the ALJ's job, not the consultative examiner's, to evaluate the claimant's impairments in light of the entire record.   And while it is true that the ALJ's conclusions "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] medical opinion and the reasons for that weight," *Watkins*, 350 F.3d at 1300, *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5, here, the ALJ's treatment of the medical evidence, including Dr. Shakeel's assessment, meets these standards.

The claimant further contends that she should have been given a sit/stand option and that the ALJ failed to account for her need for a cane.   And here, the evidence *did* reflect painful range of motion as to the claimant's right knee, but that *same evaluation* noted a full range of motion, and there is no further evidence indicating a need for a sit/stand option. The claimant was once told to use an assistive device, but that advice was not repeated at follow-up examinations and the claimant did not appear to use a cane at any of her medical examinations.

It is true that the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)."   Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).   "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination."  *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11,

2013), *citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003).  But here, none of the claimant's arguments are based in the medical evidence, and are instead appeals to "fairness," which equates to a request to reweigh the medical evidence.  Because the claimant points to no evidence other than her own assertions, particularly as to the sit/stand option, the Court declines to find an error. *See Garcia v. Astrue*, 2012 WL 4754919, at *8 (W.D. Okla. Aug. 29, 2012) ("Plaintiff's mere suggestion that a 'slow' gait might adversely affect his ability to perform the standing and walking requirements of light work is not supported by any authority.").

Contrary to the claimant's argument, the Court finds that the ALJ specifically noted the various findings of the claimant's treating, consultative, and reviewing physicians, *adopted* any limitations suggested in the medical record, *and still concluded* that she could perform a limited range of light work.  *See Hill v. Astrue*, 289 Fed. Appx. at 293 ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding.  We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard*, 379 F.3d at 949.  The Court thus finds no error in the ALJ's failure to include any additional limitations in the claimant's RFC.  *See, e. g., Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment.").

Finally, the claimant asserts that because the ALJ's RFC assessment failed to account for all her impairments, she therefore cannot return to her past relevant work.  But

as discussed above, the Court finds that substantial evidence supports the ALJ's determination that the claimant can perform less than the full range of light work. The final contention is therefore without merit. In essence, the claimant asks the Court to reweigh the evidence in his favor, which the Court cannot do. *See Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), *citing* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

### Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence. The decision of the Commissioner of the Social Security Administration is accordingly hereby AFFIRMED.

**DATED** this 1st day of September, 2020.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**